**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
JUAN LOPEZ, SONIA LOPEZ, SANDRA CLAROS,
JOSE URBINA, WALTER MEJIA, JUANA FLORES,
SONIA ZARAT, VERONICA ZAMORA, HUGO
GARCIA, MARYURI GRANADOS, FLOR OCHOA,
and KATHERINE URBINA, *on behalf of themselves and*
*others similar situated*,

                    *Plaintiffs*,

                                                              **MEMORANDUM**
                                                              **AND ORDER**
        -against-                                             23-cv-00807 (LDH) (JMW)

ARTHUR J. ROBBINS, LISA ROBBINS, MICHAEL
BARRISH and BEVERLYMARK INC. d/b/a ACU
PLUS, ABC Corp. d/b/a/ ACU PLUS,

                    *Defendants*.
------------------------------------------------------------------X

**A P P E A R A N C E S:**

        Marcus Monteiro, Esq.
        **Monteiro & Fishman LLP**
        91 N. Franklin Street, Suite 108
        Hempstead, New York 11550
        *Attorneys for Plaintiffs and the Putative Class Plaintiffs*

        Mitchell S. Segal, Esq.
        **Law Offices of Mitchell S. Segal, P.C.**
        1129 Northern Boulevard, Suite 404
        Manhasset, New York, 11030
        *Attorney for Defendants*

**WICKS**, Magistrate Judge:

        Plaintiffs bring this action on behalf of themselves and other similarly situated current and

former and current employees of Defendants alleging violations of the Fair Labor Standards Act,

29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL"), § 650 *et seq,* and 12 New

York Codes, Rules and Regulations § 146 ("NYCRR"). (ECF No. 1 at 2-3.) Specifically, Plaintiffs

allege that Defendants "willfully fail[ed] and refus[ed] to pay them one- and one-half times their hourly rate for work in excess of forty (40) hours per workweek." (ECF No. 1 ¶ 26.) Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper. (ECF No. 1 ¶ 101.) Now before the Court, on referral from the Hon. LaShann DeArcy Hall (*see* Electronic Order dated February 16, 2024), is Plaintiffs' Motion for Conditional Certification of the FLSA Collective (ECF No. 19), which is opposed by Defendants (ECF No. 20).  For the reasons stated below, Plaintiffs' Motion is **GRANTED** *in part* and **DENIED** *in part*.

## BACKGROUND

### I.    Factual Background

Plaintiffs in the instant action are or were employees of ACU Plus, a large custom screen printing and embroidery business, on or after February 2, 2017. (ECF No. 1.) Defendants, Arthur and Lisa Robbins and Michael Barrish ("Mr. Barrish"), owned and managed ACU Plus, respectively, during Plaintiffs' tenure at the company. ACU Plus employs about 25 people at any given time and prints logos on shirts, jackets, hats, masks, etc. (ECF No. 19-9 at 1.) Defendants managed Plaintiffs' hiring, job duties, hourly rate of pay, work schedule, overtime, employment records, compensation policies, and salary disbursement. (ECF No. 1 at ¶¶ 37-46.) Eleven Named-Plaintiffs and one Opt-in Plaintiff each testified in an interrogatory, *infra*, the approximate dates worked at the company, the amount of money paid, and the medium of payment— *i.e.* cash or check—as well as photographs of a weekly pay schedule showing hourly totals of over forty (40) hours per week for certain named-Plaintiffs and other company workers.  (ECF No. 19-9 at 2-3.) Specifically, Defendants' spreadsheets, show:

> Juan Lopez was paid $25/hr. with no overtime pay, working as many as 75 hours in a work-week. Juana Flores was paid $15/hr, Katherine Urbina was paid $16.50/hr., Sandra Claros was paid $25/hr, working as many as 79 hours in a work- week; Sonia Cruz was paid $18/hr and worked as many as 50.5 hour in a work-week; Sonia Zarat was paid $13.50/hr. and worked as many as 73 hours in a work-week; and Veronica Zamora was paid $18/hr and worked as many as 48.5 hours in a work week.

(ECF No. 19-9 at 4-5.)

## II.   **Procedural History**

Plaintiffs commenced the instant action on February 2, 2023 seeking to recover stolen wages under the FLSA and N.Y. Labor Law, and civil damages for fraudulent filing of income tax returns under 26 U.S.C Code § 7434. (*See* ECF No. 1.) Specifically, Plaintiffs bring these claims as a collective action pursuant to FLSA Section 16 (b), 29 U.S.C. 216 (b), on behalf of all current and former non-exempt employees employed by Defendant AcuPlus on or after February 2, 2017 (which is the date that is six (6) years before the filing of the Complaint) (the "Covered Employees") to resolve Defendants' policy of failing to pay overtime at the proper premium rate. (ECF No. 1 ¶ 25.) Plaintiffs allege they "have been similarly situated, have had substantially similar job requirements and pay provision, and are or have been subject to Defendants common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them one- and one-half times their hourly rate for work in excess of forty (40) hours per work week." (ECF No. 1 at ¶ 26.)

Plaintiffs argue that their Claim for Relief pursuant to 16 (b) of the FLSA, 29 U.S.C. 216 (b) is properly raised because Collective Plaintiffs are "readily ascertainable." (ECF No. 1 at 5.) Plaintiffs maintain Collective Plaintiffs' names and addresses are readily available from Defendants for notice purposes. (ECF No. 1 at 5.) Additionally, Plaintiffs assert the named Plaintiffs in the instant are representative of other workers and are acting on behalf of their own interests as well as the interests of Defendants' current and former employees. (ECF No. 1 at 6.)

Finally, Plaintiffs assert the Defendants failed to accurately record or report the hours Plaintiffs worked and that checks provided to Plaintiffs did not account for hours worked or wages paid because Plaintiffs were paid in cash which was excluded in their wages reported to the URS under Form W-2. (ECF No. 1 at ¶¶ 84-86.)

Defendants answered the Complaint on June 26, 2023. (*See* ECF No. 10.) On August 7, 2023, the Court held the Initial Conference and issued its FLSA Order, and the parties subsequently exchanged time and payroll records. (*See* ECF No. 11.) Thereafter, the parties appeared for a mediation before EDNY panel mediator Giulio Zanolla and later appeared for a Settlement Conference before the undersigned but were unsuccessful in resolving the dispute. (*See* Electronic Orders dated November 1, 2023 and March 1, 2024.) On January 26, 2024, Plaintiffs moved to certify FLSA Collective Action. (ECF No. 19), and the Motion was subsequently referred to the undersigned by Judge LaShann DeArcy Hall. (*See* Electronic Order dated February 16, 2024.) Defendants filed their Response in Opposition on February 9, 2024. (ECF No. 20.) Plaintiffs filed their Reply in Support on February 23, 2024. (ECF No. 21.)

## III.    **The Parties' Contentions**

### A.    **Plaintiffs' Motion to Certify**

Plaintiffs' Motion seeks an Order: (i) conditionally certifying this action as a collective action under the FLSA 29 U.S.C. § 216(b); (ii) approving the proposed Notice of Pendency (the "Notice") (Ex. 6); (iii) requiring Defendants to disclose the contact information for potential opt-ins; and (iv) ordering Defendants to post the Notice and Consent to Join Form in English and Spanish in Defendants' place of business. (ECF No. 19.) Plaintiffs contend this action should be certified as a collective action as Defendants' own records demonstrate that Plaintiffs regularly worked well over forty (40) hours per week but were paid at their straight time rate for all overtime

hours. (ECF No. 19-9 at 6.) Plaintiffs assert these payroll documents, coupled with Plaintiffs' affidavit attesting to not being paid an overtime premium, demonstrates the need for collective certification. (*Id*.)

*First*, Plaintiffs argue they "have made far more than a modest factual showing that they are similarly situated" to the Covered Employees. (*Id*. at 16.) Plaintiffs contend their detailed allegations in the Complaint and Declaration, interrogatory responses and Defendants' document production all show that all Covered Employees were subject to the same compensation scheme. (*Id*.) Specifically, in his declaration, Plaintiff Lopez has named other individuals who he has observed suffering from or spoken to regarding Defendants' illegal compensation policy, in addition to their own experiences, and, according to Plaintiffs, if proven, these allegations establish that Defendants maintained illegal policies and practices that similarly affected all Covered Employees employed by Defendants. (*Id*.)

*Second*, Plaintiffs argue that expedited notice is critical in FLSA actions because potential class members in an FLSA collective action must affirmatively consent (or "opt in") to be covered by the suit and the statute of limitations continues to run on each individual's claim until he or she files a written consent form with the Court, and therefore, "[t]o ensure that the rights protected by the FLSA do not grow stale through lack of knowledge, the Supreme Court has held that courts have broad authority to facilitate early notice of the existence of the lawsuit to potential opt in plaintiffs." (*Id*. at 17) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)). Plaintiffs contend that "[n]otice to putative class members should be given as soon as possible since, because of the statute of limitations, 'potential plaintiffs may be eliminated as each day goes by.'" (*Id*.) (*Foster v. Food Emporium*, 2000 U.S. Dist. LEXIS 6053, at *5 (S.D.N.Y. 2000)). Plaintiffs further maintain that this Court "need not and should not delay the sending of notice until

5

the completion of discovery." (*Id.*) Plaintiffs argue that "[i]n lieu of discovery, courts rely upon allegations in a complaint and employee declarations to determine whether plaintiffs and potential opt in collective members are similarly situated." (*Id.* at 18.)

*Third*, Plaintiff requests this Court also order Defendants to produce the following within fourteen days of its Order:

> A computer-readable data file containing the names, last known mailing addresses, all known home and mobile telephone numbers, all known email addresses, work locations, and dates of employment of all employees who worked for AcuPlus at any point from February 2, 2017 to [the date an Order is signed].

(*Id.*) Plaintiffs argue it "'[i]t is common practice in this district to have employers in FLSA actions produce the information that [plaintiffs] request[] for collective class,' *i.e.* names, titles, compensation rates, dates of employment, last known mailing addresses, email addresses and all known telephone numbers.'" (*Id*) (quoting *Santiago v. Cuisine By Claudette, LLC,* 2023 WL 8003323, at *5 (E.D.N.Y. 2023)).

*Fourth*, Plaintiffs argue that notice should be provided by mail, email, and text message, as courts in the Second Circuit have permitted dissemination of notice by mail, email, and text message where, as here, "'the nature of the employer's business facilitated high turnover rate among employees.'" (*Id.* at 19) (citing *Guevara v. Fine & Rare Operations LLC,* No2022 U.S. Dist. LEXIS 4833, at *33 (S.D.N.Y. 2022)).

*Fifth*, Plaintiffs argue their proposed collective notice is fair because it provides clear instructions on how to opt in and accurately states the prohibition against retaliation or discrimination for participation in an FLSA action. (*Id.*) *Sixth*, Plaintiffs argue a six-year opt-in period is proper because Plaintiffs and the Covered Employees' State law claims have a six-year limitations period, and "'[m]ultiple courts in the Eastern District, including this Court, have held that in some circumstances where a case involves both NYLL and FLSA claims, it promotes

judicial economy to send notice of the lawsuit to all potential plaintiffs at the same time even though some individuals may only have timely NYLL claims.'" (*Id.* at 20) (quoting *Garriga v. Blonder Builders Inc.*, 2018 U.S. Dist. LEXIS 171887 at *20-21 (E.D.N.Y. 2018)). *Seventh*, Plaintiffs argue that consent forms should be sent to Plaintiffs' counsel directly because: (i) it would be less burdensome than having it returnable to the Clerk's Office; (ii) requiring opt-in claimants to file their forms with the Clerk may discourage participation; and (iii) any potential delay may prevent Plaintiffs' counsel from effectively representing the opt-in claimants by delaying immediate guidance and dissuade class participation from potentially hesitant employees. (*Id.* at 21.)

And *finally*, Plaintiffs argue that the notice should be translated to Spanish, "given that many of the prospective plaintiffs in this case will be native Spanish speakers, Plaintiffs believe that the goals of the Notice would be best served if the final approved Notice that is provided to prospective collective members also includes a Spanish language version." (*Id.* at 21.)

## B.  <u>Defendants' Response in Opposition</u>

In their Response in Opposition, Defendants argue Plaintiff's conditional certification Motion should be denied because: (i) Plaintiffs have failed to satisfy the collective action for other classification of employees at Acu Plus and for all of the current and former non-exempt employees; (ii) Plaintiffs have failed to demonstrate that the proposed collective action group was subject to any common policy or plan that violated the FLSA, and, even assuming *arguendo* the proposed collective action group was subject to an underpaid overtime wage policy or plan, the Plaintiffs have not alleged sufficient facts to support certification of the requested group, essentially composed of all current and former non-exempt employees of Acu Plus; and (iii) to the extent the Court permits notice to be sent to potential members of the collective action, Plaintiffs'

proposed notice is overbroad, defective in several respects and should not be approved without substantial modification. (ECF No. 20 at 5-6.)

*First*, Defendants argue that Plaintiffs "broadly allege" that Defendants have engaged in a policy and practice of failing to pay their employees overtime wages, and spread of hour wages, however, Plaintiffs "fail to bring forth any specific factual allegations to support this statement." (*Id*. at 8.) Defendants assert Plaintiffs' allegations contained in the Complaint and template Interrogatory answers submitted along with a "barren Affidavit of the lead Plaintiff" "falls short of plausibly suggesting that the proposed company-wide group of collective action class members were subject to a common policy or plan that violated the law." (*Id*.) Defendants maintain Plaintiffs' Complaint and Affidavit "contain no concrete facts related to a potential class as to hours worked, days worked or position." (*Id*. at 12.)

*Second*, Defendants argue that if this Court grants Plaintiffs' Motion for Conditional Certification, notice should be limited to two years because "[t]here is no evidence Defendants willfully violated the FLSA." (*Id*.) Specifically, Defendants contend Plaintiffs have not alleged facts sufficient to demonstrate that Defendants knew of the alleged FLSA violations, or that they acted with reckless disregard of violating the FLSA, particularly in light of the clear policies and various avenues for raising complaints or concerns regarding improper practices. (*Id*.) Defendants argue "numerous employees have confirmed that Defendants' pay practices were in all respects complaint with the FLSA." (*Id*.)

*Third*, Defendants argue the proposed notice submitted by Plaintiffs is defective in several respects and should not be approved because: (i) subject to the Court's modification, the group identified for receipt of the proposed notice is too broad and should be limited to only "screen workers[;]" (ii) the 60 day time period should be reduced to 30 days and (iii) not enough

information about the Defendants' position is provided. (*Id*. at 13.) Defendants argue that while Plaintiffs' proposed notice includes a brief statement that Defendants deny Plaintiffs' allegations of violations, "fairness dictates that Defendants be permitted to further articulate their position in the litigation, including any particular defenses they believe are applicable." (*Id*.) Defendants maintain "[i]t is critical that the notice contain a full and balanced disclosure of both parties' position in the matter because this may be the first communication potential opt-in plaintiffs receive about this lawsuit." (*Id*.) Defendants propose the notice should be amended as follows: (i) to include a statement that the opt-in plaintiffs may be required to participate in written discovery and that they may be required to appear for deposition and/or trial in the Southern District of New York; (ii) to include the contact information for Defendants' counsel as one source from whom potential plaintiffs could obtain information; (iii) to inform potential opt-ins that if they decide to participate in the lawsuit Plaintiff Lopez will be their agent and will make decisions on their behalf concerning the litigation, the method and manner of conducting this litigation, entering into an agreement with Plaintiffs' counsel concerning attorney's fees and costs, any settlement thereof, and any other matters pertaining to this lawsuit; (iv) to avoid any appearance that the action is "sanctioned by the Court[;]" and (v) to remove any references to a "class" or "time shaving" that may be "misleading" to "laypersons." (*Id*. at 14-15.)

   **C.**   **Plaintiffs' Reply in Support**

   In their Reply in Support, Plaintiffs argue they established in their moving papers that they worked "significant overtime without overtime pay" and "all twelve Plaintiffs allege that they were subject to the same company wide employment practice of not being paid overtime" and, the "amount of plaintiffs alone, constituting about half of Defendants work force at any one time, proves that the practice of not being paid overtime was a company-wide policy." (ECF No. 21 at

2.) Plaintiffs point to the Affidavit in Support of Motion by Plaintiff Juan Lopez (hereafter, the "Lopez Affidavit") (ECF No. 19-8), which details that Lopez worked for Defendants from 2013 to 2022, and, "in that time, he was aware (by personal observation and conversations with his co-workers) of Defendants company-wide policy of not paying overtime" and, Plaintiffs argue, "properly testified to that fact – which is supported by all twelve Plaintiffs and further alleged in Plaintiffs' Complaint." (*Id*.)

Plaintiffs identify the Declaration of Defendant Arthur Robbins (hereafter, the "Robbins Declaration"), which Defendants submitted in support of their Opposition (*see* ECF No. 20), "states under the penalties of perjury in his opposition declaration that 'Juan Lopez as well as the other named Plaintiffs were paid properly. If you look at the exhibits of the payroll records filed by Juan Lopez as well as the other name Plaintiffs all were paid properly.'" (*Id*. at 3) (quoting ECF No. 20). However, Plaintiffs argue the Robbins Declaration is "demonstrably false," and point to the time records for Plaintiffs Lopez and Sandra Claros, which "demonstrate that no overtime was paid." (*Id*. at 4-5.) Plaintiffs argue "this is true for all records provided by Defendants to Plaintiffs" such that Plaintiffs have made "far more than a modest factual showing that they are similarly situated to all employees of Defendants." (*Id*. at 7.) Plaintiffs maintain their "detailed allegations" in the Complaint and Declaration, interrogatory responses and Defendants' document production "all show that Defendants' employees were subject to the same compensation scheme of not being paid overtime pay for overtime hours worked." (*Id*.)

## **DISCUSSION**

I.   **Request 1: Motion to Certify FLSA Collective**

Plaintiffs allege Defendants "willfully fail[ed] and refus[ed] to pay them one- and one-half times their hourly rate for work in excess of forty (40) hours per work week." (ECF No. 1 at ¶ 26.) The Complaint and exhibits provided in support of Plaintiffs' Motion to Certify provide detailed

information as to the hours Plaintiffs worked and the monies they were paid and supposed to be paid.  (*See generally id.*)

> Section 216(b) of the FLSA provides, in relevant part:
>
> An action to recover ... liability ... may be maintained against any employer ... by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

"While FLSA does not prescribe any procedures for approval of actions brought collectively by those who are 'similarly situated,' courts have long construed § 216(b) to grant district court authority to order that notice be given to potential plaintiffs informing them of the option to join the suit." *Id.*  Approval of a collective action is a two-step process. *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Id.*  All that is needed is a modest factual showing that plaintiffs and potential opt-in plaintiffs were victims of a common policy that violated the law. *Id.*  Particularly, in an exemption case, plaintiffs can do this by showing there were other employees similarly situated with respect to their job requirements and pay provisions, who were classified as exempt under a common policy or scheme. *Id.*  The court may consider the pleadings as well as supporting affidavits. *Chang v. Philips Bryant Park LLC*, No. 17-CV-8816 (LTS) (SLC), 2019 WL 8105999, at *12 (S.D.N.Y. Oct. 23, 2019), *report and recommendation adopted,* 2020 WL 104812 (S.D.N.Y. Jan. 9, 2020). "If plaintiffs meet this 'fairly lenient standard,' conditional certification is typically granted and notice to potential plaintiffs authorized." *Poplawski v. Metroplex on the Atl., LLC*, No. 11-CV-3765, 2012 WL 1107711, at *4

11

(E.D.N.Y. Apr. 2, 2012). The second step occurs later, on a much more complete record. *Myers*, 624 F.3d at 555. Plaintiffs must show that the plaintiffs who opted in are *actually similarly situated* to the named plaintiffs. *Id.* The undersigned considers conditional approval of the FLSA collective action through this lens.

Here, Plaintiffs have demonstrated that they are similarly situated to the members of the FLSA collective. Indeed, there are at least eleven other employees that have experienced similar conditions of employment by Defendants. Regardless, Courts have found that even *just one* employee's declaration would be sufficient for conditional certification. *See e.g., Morrison v. Columbus Fam. Health Care LLC*, 672 F. Supp. 3d 524, 533–34 (S.D. Ohio 2023) (collecting cases). Conditional certification of collective actions is regularly granted based on employee affidavits which state "an employer's failure to pay minimum wage or overtime and identifying similarly situated employees by name." *Rosario v. Valentine Ave. Discount Store, Co.,* 828 F. Supp. 2d 508, 515 (E.D.N.Y. 2011). Plaintiffs can clear the lower conditional certification threshold even if they rely exclusively upon their own affidavit in support of certification which therein "relies heavily upon [the plaintiffs'] own experiences and observations." *See Ramirez v. Liberty One Grp. LLC*, 22 Civ. 5892 (KPF), 2023 U.S. Dist. LEXIS 121174, at *21-23 (S.D.N.Y. July 14, 2023).

Plaintiffs Lopez has provided a detailed affidavit describing the hours he worked, his pay information, and his lack of overtime and spread of hours payments. (ECF No. 19-8); *see Placinta v. Grazina Pilka, Inc.*, No. 16-CV-4272-KAM-SJB, 2018 U.S. Dist. LEXIS 179222, at *21-22 (E.D.N.Y. Sept. 21, 2018) (finding two plaintiff's testimonies and statements to be sufficient to warrant conditional certification). Plaintiffs have also outlined the experiences of several of Plaintiff Lopez's co-workers which demonstrate Defendants' alleged practice of failure to pay

12

their employees' appropriate wages. *See* ECF Nos. 19-2 (Court Interrogatories), 19-3 (Plaintiffs' Work Schedule), 19-4 (Plaintiffs' Checks), 19-5 (Lopez's Pay Records), 19-6 (Sandra Claros' Pay Records). *See Jimenez v. S.O.S. Maint. Inc.,* No. 23CV1177GRBJMW, 2023 WL 4054521, at *4 (E.D.N.Y. June 16, 2023) ("Plaintiff identifies four customer service representatives by full name . . . that performed either the same or similar duties as Plaintiff at any given time. Plaintiff's allegations are sufficient at this stage."); *see also Watterson v. RUI Mgmt. Servs., Inc.,* No. 20CV1783GRBJMW, 2022 WL 3867755, at *7 (E.D.N.Y. Aug. 30, 2022) (holding Plaintiff provided adequate detail for the Court to conclude that he is similarly situated to other potential members of a collective consisting of debt collectors, where Plaintiff's Declaration noted "that RUI employs about 180 other debt collectors who also worked a similar purported forty-hour work schedule, and who complained to Plaintiff about RUI's unlawful pay practices" and "identifie[d] two other debt collectors by name who worked similar, if not identical, shifts as Plaintiff and who were requested to arrive at work seven minutes or less before their official start time to "set up," without being compensated for that time.").

These potential Plaintiffs are also similarly situated despite their holding different positions.  Courts have held that even despite different titles, Plaintiffs are still similarly situated for collective action purposes.  *Islam v. LX Ave. Bagels, Inc.,* 18 Civ. 04895 (RA) (RWL), 2019 U.S. Dist. LEXIS 173744, at *7-8 (S.D.N.Y. Sept. 30, 2019).  Similarly situated employees can include "cashiers, cooks, delivery workers, porters, dishwashers and deli workers employed at Defendants' stores" for the purpose of conditional certification of an FLSA collective action.  *Id.* at *10-11.  Collective action is appropriate as long as all prospective class members were similarly situated in that all were subject to the same policy and there is a factual nexus among plaintiffs. *See Stevens v. HMSHost Corp.*, CV 10-3571 (ILG) (VVP), 2012 U.S. Dist. LEXIS 190689, at *21-

22 (E.D.N.Y. June 15, 2012) ("As long as [the members of the proposed collective action] were all similarly situated with respect to being subject to the same policy of being denied overtime compensation, and there exists a factual nexus among the plaintiffs, conditional certification of the collective action is appropriate.") (internal citations omitted).  Therefore, the potential members' titles of machine operator or assistant to the machine operator or screen cleaner would be sufficient here in light of the lack of payment they too experienced, similar to the named Plaintiffs.  (*See* ECF No 19-2.)  The Court thus finds that Plaintiffs have adduced sufficient evidence for conditional certification of the FLSA collective.

## II.      **Request 2: Approving the Proposed Notice**

Where, as here, a Court finds that the named Plaintiffs have satisfied their burden at the conditional certification stage, it has the "discretion to facilitate this collective action mechanism by authorizing that notice be sent to potential plaintiffs informing them of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Gonzalez v. Hanover Ventures Marketplace LLC*, 21 Civ. 1347 (ER), 2022 U.S. Dist. LEXIS 11473, at *6 (S.D.N.Y. Jan. 21, 2022) (internal citations omitted); *Hanchard-James v. Brookdale Family Care Ctrs.*, 12 Civ. 1922 (BMC), 2012 U.S. Dist. LEXIS 113118, at *4 (E.D.N.Y. Aug. 9, 2012) ("The Second Circuit has held that district courts may facilitate FLSA collective actions by authorizing the distribution of notice to any potential plaintiffs to inform them of their ability to opt in to the collective action.") (citing *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010)). Further, the Court's authorization of the dissemination of the notices ensures that other potential opt-in plaintiffs will receive "timely, accurate, and informative" materials.  *Islam v. LX Ave. Bagels, Inc*., 18 Civ. 04895 (RA) (RWL), 2019 U.S. Dist. LEXIS 173744, at *19 (S.D.N.Y. Sept. 30, 2019); *Bittencourt v. Ferrara Bakery & Café, Inc*., 310 F.R.D. 106, 116 (S.D.N.Y. 2015) (stating that district courts ensure that plaintiffs

receive accurate and timely notices "so that they can make informed decisions about whether to participate"). Accordingly, having found that Plaintiffs met their initial burden in demonstrating that they are similarly situated to other employees, the Court exercises its discretion in authorizing Plaintiffs to issue the notice for opt-in plaintiffs.[1]

### A.   Plaintiffs' Proposed Notice and Consent Form

Plaintiffs have provided for Court approval a proposed Notice of Pendency and Consent to Join form. *See* ECF No. 19-7. Defendants have posed numerous objections to the content of Plaintiffs' proposed Notice. *See* ECF No. 20 at 14-15. "[T]he district court has discretion regarding the form and content of the notice." *In re Penthouse Exec. Club Comp. Litig.*, No. 10 CIV. 1145 NRB, 2010 WL 4340255, at *5 (S.D.N.Y. Oct. 27, 2010); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 202 (S.D.N.Y. 2006) (citing *Hoffmann–La Roche v. Sperling*, 493 U.S. 165, 170 (1989)) ("[T]he Supreme Court has noted that the 'details' of notice should be left to the broad discretion of the trial court.").

Here, the Court directs counsel for both sides to meet-and-confer further to arrive at a proposed agreed-upon Notice. *See e.g., Valerio v. RNC Indus., LLC*, 314 F.R.D. 61, 75 (E.D.N.Y. 2016). That Notice is to be submitted to the Court no later than **September 27, 2024**. "At this time, the Court will not address Defendants' objections to the Notice since the Court has directed a further meet-and-confer." *See id.*; *Velasquez v. Digital Page*, No. CV 11–3892, 2014 WL 2048425,

---

[1] It is proper for the Plaintiffs to exclude Defendants' attorney's information on the Notice of Pendency to avoid confusion or ethical conflicts.  Courts in this Circuit have consistently found the exclusion of defendant's attorney's information from Notices of Pendency to be reasonable.  *See Ling Chen v. Asian Terrace Rest., Inc.,* 19-cv-7313 (BMC), 2020 U.S. Dist. LEXIS 126417, at *15 (E.D.N.Y. July 17, 2020) (finding the exclusions of the defendant's attorney's information from the Notice of Pendency to be reasonable); *Carranza v. VBFS, Inc.,* 20-cv-02635 (PAE) (KHP), 2021 U.S. Dist. LEXIS 64885, at *19 (S.D.N.Y Apr. 2, 2021) (granting the request to exclude Defendants' attorneys' information from the notice); *Singh v. Anmol Food Mart, Inc.,* No 22-CV-5475 (RER) (JAM), 2024 U.S. Dist. LEXIS 14475, at *12 (E.D.N.Y. Jan. 26, 2024) (allowing defendant's counsel's information to be excluded from the notice).

at *9–15 (E.D.N.Y. Jul. 25, 2014) (analyzing the length of notice period, the starting date for purposes of notice, the time limit to opt-in, notice of the consequences of joining the action).  To the extent any objections remain after the ordered meet-and-confer, counsel shall submit a redline version of the proposed Notice to the Court by October 14, 2024 for review.  *See Valerio*, 314 F.R.D. at 75–76; *see also Watterson*, No. 20CV1783GRBJMW, 2022 WL 3867755, at *10 (granting plaintiff's motion for conditional certification and directing the parties to meet and confer regarding a proposed notice for the potential opt-in plaintiffs).

**B.**   <u>**Temporal Scope of the Notice and Opt-In Period**</u>

As stated, Plaintiff proposed sending the Notice to Covered Employees who worked for Defendants six years prior to the filing of the Complaint. *See* ECF No. 19-9. Plaintiffs request this six-year period, despite the FLSA only having a maximum statute of limitation of three years, because the NYLL claims have a statute limitation of six years. *See id.*; NYLL § 198(3).

"The FLSA has a three-year statute of limitations for willful violations of its overtime provisions." *Zhao v. Surge Priv. Equity LLC*, No. 22 CIV. 7314 (KPF), 2023 WL 3477591, at *7 (S.D.N.Y. May 16, 2023); *Glass* v. *A.K. Allen Co., Inc.*, No. 10 Civ. 804 (ADS) (ETB), 2010 WL 11632764, at *2 (E.D.N.Y. Oct. 21, 2010). "Sensibly, then, courts often set a notice period for three years before the filing of the complaint in a FLSA case." *Id.*; *see, e.g.*, *Mongiove* v. *Nate's Corp.*, No. 15 Civ. 1024 (NGG) (RML), 2016 WL 590460, at *6 (E.D.N.Y. Feb. 11, 2016). "Some courts in the Second Circuit have permitted six-year notice periods in conditionally certified FLSA collective actions which also involve NYLL claims" to account for the NYLL's six-year statute of limitations[,]" however, "the growing trend in this Circuit is to use a three-year rather than a six-year notice period when the motion before the court seeks certification under the FLSA rather than under Federal Rule[ ] of Civil Procedure Rule 23 in connection with NYLL claims." *Franze* v.

*Bimbo Foods Bakeries Distrib., LLC*, No. 17 Civ. 3556 (NSR) (JCM), 2019 WL 1417125, at *4 (S.D.N.Y. Mar. 29, 2019) (collecting cases); *see also Santiago v. Cuisine By Claudette, LLC*, No. 23CV2675OEMRER, 2023 WL 8003323, at *5 (E.D.N.Y. Nov. 17, 2023) ("Drawing on the small number of employees that worked for the Restaurants–generally around a cap of 40 employees – and the fact that [Plainitff] has already identified five by name with potential live FLSA and NYLL claims, the Court finds it reasonable and prudent to grant a six year notice period.").

"This is so because courts have recognized that authorizing notice of FLSA-only claims to putative collective members who are otherwise time-barred from bringing claims may promote confusion should counsel later move for class certification of NYLL claims." *Zhao v. Surge Priv. Equity LLC*, No. 22 CIV. 7314 (KPF), 2023 WL 3477591, at *7; *see, e.g.*, *Bhumithanarn* v. *22 Noodle Mkt. Corp.*, No. 14 Civ. 2625 (RJS), 2015 WL 4240985, at *5 (S.D.N.Y. July 13, 2015) (collecting cases); *Franze*, No. 717CV03556NSRJCM, 2019 WL 1417125, at *4 ("[T]he growing trend in this Circuit is, in order to promote judicial efficiency, to use a three year rather than a six-year notice period when the motion before the court seeks certification under the FLSA rather than under Federal Rules of Civil Procedure Rule 23 in connection with NYLL claims. This is because, unless the Court has already considered Rule 23 certification on a plaintiff's NYLL claims, it is speculative whether the plaintiff can meet the Rule 23 standard.") "Because the only motion currently before the Court is a motion for conditional certification of a collective under the FLSA, and because the Court cannot be assured at this stage that counsel will later seek certification of an NYLL class, much less be successful in doing so under Rule 23, the Court does not find a six-year notice period to be appropriate." *Zhao*, No. 22 CIV. 7314 (KPF), 2023 WL 3477591, at *7. Instead, the Court authorizes notice be sent to the relevant putative collective members for the three years prior to the filing of the Complaint on February 2, 2023. *See e.g.*, *Franze*, No.

717CV03556NSRJCM, 2019 WL 1417125, at *4 ("[I]n order to avoid confusion and promote judicial efficiency, the court finds that a three-year notice period is appropriate."); *Jimenez*, No. 23CV1177GRBJMW, 2023 WL 4054521, at *7 (internal citations omitted) ("In similar situations, courts have found the rationale used by cases allowing only a three-year period more persuasive in order to avoid the confusion caused by notifying plaintiffs who potentially have two disparate claims under federal and state wage and hour laws with different statutes of limitations, along with the inefficiency of providing notice to plaintiffs whose claims may well be time-barred under the FLSA. The Court finds this rationale more persuasive especially since Plaintiff has moved for conditional certification of only her FLSA claim.").

With respect to opt-in period, "a 60–day notice period for potential plaintiffs is common practice under the FLSA." *Cohan v. Columbia Sussex Mgmt., LLC*, No. CV 12-3203 JS AKT, 2013 WL 8367807, at *12 (E.D.N.Y. Sept. 19, 2013), *aff'd*, No. 12-CV-3203(JS)(AKT), 2016 WL 1045532 (E.D.N.Y. Mar. 15, 2016) (collecting cases); *see, e.g.*, *Fa Ting Wang v. Empire State Auto Corp.*, No. 14-CV-1491 WFK VMS, 2015 WL 4603117, at *11 (E.D.N.Y. July 29, 2015) (quoting *Velasquez v. Digital Page, Inc.*, No. 11 Civ. 3892(LDW)(AKT), 2014 WL 2048425, at *12 (E.D.N.Y. May 19, 2014)) (collecting cases) ("Courts in this Circuit 'routinely restrict the opt-in period to sixty days.'"); *Zhao*, No. 22 CIV. 7314 (KPF), 2023 WL 3477591, at *8. The Notice shall therefore reflect that opt-ins have 60 days to return the consent form to counsel. "The Court declines to require the form to be filed within 60 days as this would shorten the notice period and potentially cause confusion." *Cohan*, No. CV 12-3203 JS AKT, 2013 WL 8367807, at *12.[2]

---

[2] Plaintiffs' Proposed Notice and Consent Form (ECF No. 19-7) advises potential opt-ins: "Monteiro & Fishman LLP is the named plaintiff's attorneys. You may choose the named plaintiff's attorneys or your own attorneys to represent you. If you choose the named plaintiff's attorneys, they may make decisions on your behalf concerning this lawsuit." *See Gui Zhen Zhu v. Matsu Corp*, 424 F. Supp. 3d 253, 271–72 (D. Conn. 2020) ("Where the proposed notice or consent form expressly informs putative plaintiffs of their 'right to retain separate counsel,' the courts are more inclined to permit putative plaintiffs to return their

## III.   Request 3: Disclosure of Contact Information for Potential Opt-ins

Plaintiffs ask the court to order Defendants to produce, within fourteen days of its order, "a computer readable data file containing the names, last known mailing addresses, all known home and mobile telephone numbers, all known email addresses, work locations, and dates of employment of all employees who worked for AcuPlus at any point from February 2,2017 to [the date an Order is signed]." (ECF No. 19-9 at 13.) This is not an unusual request and indeed courts in this Circuit have routinely granted such requests in the FLSA conditional collective certification stage. *See Pandora v. Deenora Corp,* No. 19-cv-7267 (BMC), 2020 U.S. Dist. LEXIS 230967, at *11-12 (E.D.N.Y. Dec. 8, 2020) (granting plaintiff's unopposed request for defendants to produce an excel within fourteen days of the entry of the court's order containing contact information for all non-managerial employees who worked for defendants during a given time period); *see also Zhongle Chen v. Kicho Corp.,* No. 18 CV 7413 (PMH) (LMS), 2020 U.S. Dist. LEXIS 67935, *25-26 (S.D.N.Y. Apr. 17, 2020) (granting plaintiff's request that defendants be ordered to provide an excel file within 14 days of the entry of the order, but limiting it to names, addresses, telephone numbers, email addresses, dates of employment, and possible social media handles); *Jian Wu v. Sushi Nomado of Manhattan, Inc.,* No. 17cv04661 (PGG) (DF), 2019 U.S. Dist. LEXIS 127895, at *36-38 (S.D.N.Y. July 25, 2019) (granting plaintiffs' request that defendants be required to produce an excel spreadsheet or other reasonably useable formatted document containing contact information for all non-managerial employees for a certain time frame and worked in certain

---

consent forms to the named plaintiff's counsel."). "Further, as some courts have recognized, returning consent forms to the Clerk of Court may be 'unnecessary' and 'burdensome' to the Court 'in light of the budgetary constraints and financial limitations faced by the federal courts.'" *Id.* (citing *Nahar v. Dozen Bagels Co. Inc.*, No. 15-CV-1613 (ALC) (FM), 2015 WL 6207076, at *7 (S.D.N.Y. Oct. 20, 2015)). Therefore, the Court grants Plaintiffs' request that potential plaintiffs be directed to send their Consent Forms to Plaintiffs' counsel, "especially since doing so would reduce the burden on the [C]ourt, at a time of increased concern about institutional costs of operation." *Id.*

capacities); *Alvarez v. Schnipper Rests. LLC,* No. 16 Civ. 5779 (ER), 2017 U.S. Dist. LEXIS 204596, at *18 (S.D.N.Y. Dec. 11, 2017) (directing defendants to produce excel file within 10 days of the court's order with the names, titles, compensation rates, dates of employment, last known mailing and email addresses, and all telephone numbers for the relevant employees). Accordingly, this request is granted, and Defendants must provide the excel spreadsheet to Plaintiffs. *See e.g.*, *Watterson*, No. 20CV1783GRBJMW, 2022 WL 3867755, at *10 (granting Plaintiff's request for names, last known addresses, telephone numbers (both home and mobile), e-mail addresses, and dates of employment of potential collective members in connection with a conditional certification of an FLSA collective action and directing Defendants to provide Plaintiff the information in "computer-readable format").

## IV.     <u>Request 4: Dissemination of the Notice</u>

Plaintiffs request: (i) that the Court permit them to disseminate the notice by mail, email, and text messages; (ii) that the notice be provided to prospective opt-in plaintiffs in both English and Spanish; and (iii) that the notice be posted at Defendants' places of business. *See generally*, ECF No. 19-9. *First*, the Court approves sending the Notice by mail, email, and text messages, "which methods of distribution have become standard in this Circuit." *Zhao*, No. 22 CIV. 7314 (KPF), 2023 WL 3477591, at *8; s*ee, e.g.*, *Lijun Geng* v. *Shu Han Ju Rest. II Corp.*, No. 18 Civ. 12220 (PAE) (RWL), 2019 WL 4493429, at *20 (S.D.N.Y. Sept. 9, 2019); *Knox* v. *John Varvatos Enters. Inc.*, 282 F. Supp. 3d 644, 667 (S.D.N.Y. 2017). *Jimenez*, No. 23CV1177GRBJMW, 2023 WL 4054521, at *9 (quoting *Tlapanco v. City Metal Traders, Inc.*, No. 21-CV-06341 (BMC), 2023 WL 2240396, at *5 (E.D.N.Y. Feb. 27, 2023)) ("'Courts in this Circuit have consistently allowed plaintiffs to send out collective notice via electronic means, including e-mail and text message.' This practice in today's world makes good sense. Today, even where mail is contemplated, email

and text message are undoubtedly more likely to reach a potential opt-in plaintiff than mail alone.").

*Second*, the Court grants Plaintiffs' request that the Notice be posted in employee common areas at Defendants' places of business, as Courts in this Circuit consistently allow plaintiffs to post notices in conspicuous locations in defendant's workplaces in FLSA in this Circuit to maximize the opportunity for potential opt-in members to join the lawsuit. See e.g., *Chengxue Sun v. New G Nails & Spa Inc.,* 22-CV-5523 (NRM) (ST), 2023 U.S. Dist. LEXIS 150449, at *19 (E.D.N.Y. Aug. 25, 2023) (approving of plaintiff's request to post notice and consent forms in conspicuous non-public common area); *Rotari v. Mitoushi Sushi, Inc*., 448 F. Supp. 3d 246, 256 (E.D.N.Y 2020) (allowing plaintiffs to post notices in defendant's Sheepshead Bay restaurant to maximize opportunities for potential members to join); *Shibetti v. Z Rest., Diner & Lounge, Inc.,* 478 F. Supp. 3d 403, 416 (E.D.N.Y. 2020) (allowing plaintiffs to post notices in conspicuous locations such as the defendant's diner that potential members would be working at); *Mangahas v. Eight Oranges Inc.,* 22-cv-4150 (LJL), 2024 U.S. Dist. LEXIS 98151, at *46-48 (S.D.N.Y. May 31, 2024) (approving of plaintiff's proposed class notice to be posted in conspicuous locations in the restaurant).

*Third*, the Court grants Plaintiffs' request that the final version of the Notice be translated to Spanish, "given Plaintiff's representation that many putative opt-in plaintiffs are likely to be native Spanish speakers." *Zhao*, No. 22 CIV. 7314 (KPF), 2023 WL 3477591, at *8; *see also Valerio* v. *RNC Indus., LLC*, 314 F.R.D. 61, 76 (E.D.N.Y. 2016) (internal quotation marks and citation omitted)) ("Generally, courts permit notice to be translated into the mother tongue of non-English speaking groups of potential plaintiffs.") Courts have granted similar requests in this Circuit, and generally permit notices to be translated into the language of non-English speaking

21

groups of potential plaintiffs. *Yi Mei Ke v. JR Sushi 2 Inc.,* No. 19-CV-7332 (PAE) (BCM), 2021 U.S. Dist. LEXIS 8045, at *41 (S.D.N.Y. Jan. 15, 2021) ("Generally, courts permit notice to be translated into the mother tongue of non-English speaking groups of potential plaintiffs.") (internal citations omitted).  Courts in this Circuit tend to grant this request as it "increase[s] the notice's effectiveness in informing potential opt-in plaintiffs [of the] action."  *Xhongle Chen v. Kicho Corp.*, No. 18 CV 7413 (PMH) (LMS), 2020 U.S. Dist. LEXIS 67935, at *26 (S.D.N.Y. Apr. 17, 2020); *Jimenez*, No. 23CV1177GRBJMW, 2023 WL 4054521, at *9 (directing Defendants to post the Notice and consent to join the lawsuit in both English and Spanish in a conspicuous place in their office locations during the duration of the notice period). However, there is a tendency to limit translations to specify which relevant languages the notices will be translated to rather than stating that the notice will be translated to "all relevant languages." *Chengxue Sun v. New G Nails & Spa Inc.,* 22-CV-5523 (NRM) (ST), 2023 U.S. Dist. LEXIS 150449, at *18 (E.D.N.Y. Aug. 25, 2023) (allowing the notices to be disseminated in English and Mandarin Chinese since these were the relevant languages spoken by the defendants' employees); *Chen v. Dun Huang Corp,* 19-CV-11883 (GBD) (BCM), 2021 U.S. Dist. LEXIS 216989, at *30 (S.D.N.Y. Nov. 8, 2021) (allowing notices to be disseminated in both English and Chinese since plaintiffs attested "that many coworkers [we]re from Chinese-speaking countries and identify by their Chinese honorifics or nicknames"); *Singh v. Anmol Food Mart, Inc*., No 22-CV-5475 (RER) (JAM), 2024 U.S. Dist. LEXIS 14475, at *11 (E.D.N.Y. Jan. 26, 2024) (approving dissemination of the notice in both English and Hindi).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Conditional Certification of a Collective and for Court facilitation of Notice (ECF No. 19) is **GRANTED** *in part* and **DENIED** *in part*.

In accordance with this Order: (i) Defendants are directed to provide the contact information for potential opt-ins to Plaintiffs via the excel spreadsheet on or before **September 27, 2024**; and (ii) the parties are directed to meet and confer, and, on or before **September 27, 2024**, file a proposed Notice and Consent to Join Form for the Court's consideration on or before **October 14, 2024.**

Dated: Central Islip, New York
September 19, 2024

**SO ORDERED:**

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

23